# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

m 99-21105

———————————

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA,

Plaintiff-Appellant,

VERSUS

ADMIRAL INSURANCE COMPANY, ET AL.,

Defendants,

ZURICH INSURANCE COMPANY,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3401)

———————————————

August 9, 2000

Before SMITH and DENNIS, Circuit Judge.
Judges, and ROETTGER,[*] District

———————————          ———————————

[*]District Judge of the Southern District of                [*](...continued)
(continued...)                Florida, sitting by designation.

PER CURIAM:[**]

National Union Fire Insurance Company seeks a declaratory judgment explicating Zurich Insurance Company's liability for costs of defense and indemnity arising from their alleged mutual insurance of Albertson's, Inc., Epstein Construction, Inc., and others. The district court declared that Zurich had no liability for defense or indemnification.

In reaching that decision, the district court relied on the proposition that "the determinative issue for additional insured coverage is whether the allegations in the underlying lawsuit involve claims of negligence against the named insured" (internal brackets and ellipses omitted). This court, in *Mid-Continent Casualty Co. v. Swift Energy Co.*, 206 F.3d 487 (5th Cir. 2000), declared that proposition of law to be invalid in these circumstances. In a case presenting materially indistinguishable facts, we explained that, under Texas law, liability arises for additional insureds "even if [the additional insureds] sole negligence directly caused the liability." *Id.* at 499.

We are now constrained, therefore, to REVERSE the order of the district court granting summary judgment and declaratory relief to Zurich and REMAND for further proceedings not inconsistent with this opinion.

---

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2